## CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
BETH APFELBAUM

### DEFENDANTS
LAW OFFICE OF HARRIS & ZIDE; BANK OF AMERICA, N.A.; and DOES 1 through 10 inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914 Tel: 619-656-6656; Fax: 775-898-5471

Attorneys (If Known)

MEJ    ADR

E-filing

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | **SOCIAL SECURITY** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 550 Civil Rights | | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 555 Prison Condition | **IMMIGRATION** | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 440 Other Civil Rights | | ☐ 462 Naturalization Application | ☐ 864 SSID Title XVI | **FEDERAL TAX SUITS** |
| | | | ☐ 463 Habeas Corpus – Alien Detainee | ☐ 865 RSI (405(g)) | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 Various violations of the Fair Debt Collections Practices Act.
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 5/29/08   SIGNATURE OF ATTORNEY OF RECORD

Jeremy S. Golden (SBN 228007)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Tel: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff BETH APFELBAUM

E-filing

MEJ

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CV 08    2750

| | |
|---|---|
| BETH APFELBAUM, | ) |
| Plaintiff | ) COMPLAINT (Unlawful Debt |
| v. | ) Collection Practices) |
| LAW OFFICE OF HARRIS & ZIDE; BANK OF AMERICA, N.A.; and DOES 1 through 10 inclusive, | ) |
| Defendants. | ) |

**COMPLAINT**

**I. INTRODUCTION**

1.   This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

1 practices.

2

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff BETH APFELBAUM is a natural person residing in California.

4. Defendant LAW OFFICE OF HARRIS & ZIDE ("HARRIS & ZIDE") is a California company doing business in California of collecting consumer debts owed to another, with its principal place of business located at 1445 Huntington Dr., Suite 300; South Pasadena, CA 91030.

5. Defendant BANK OF AMERICA, N.A. ("BOFA") is a Delaware corporation regularly engaged in attempting to collect debts owed to another through litigation in this California; its principal place of business is 100 South Tryon St. Charlotte, NC 28255

6. Defendants are all engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another. Defendant HARRIS & ZIDE is a "debt collector" as defined by the FDCPA, 15 U.S.C.§1692a(6). Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal,

1  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or
2  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and
3  thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the
4  true names and capacities of these DOE Defendants are ascertained, they may be inserted in
5  all subsequent proceedings, and that this action may proceed against them under their true
6  names.

7      8.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

8      9.    The purported debt that Defendants attempted to collect from Plaintiff was a
9  "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

10      10.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code
11  §1788.2(h).

12      11.    The purported debt which Defendants attempted to collect from Plaintiff was a
13  "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

14
15  ## IV. FACTUAL ALLEGATIONS

16      12.    The FDCPA was enacted to "eliminate abusive debt collection practices by debt
17  collectors, to insure those debt collectors who refrain from using abusive debt collection
18  practices are not competitively disadvantaged, and to promote consistent state action to
19  protect consumers against debt collection abuses."

20      13.    At a time unknown, BOFA issued a credit card in Plaintiff's name (the
21  "account").

22      14.    On September 5, 2003, Plaintiff enrolled with Provanta Corp., a debt settlement
23  company.

24      15.    Neither Plaintiff nor Provanta Corp. made any payments on the account after
25  September 5, 2003.

26      16.    On November 1, 2007, Defendants filed suit in the Superior Court of California,
27  County of San Francisco, Case No. CGC-07-468758 (the ACTION) to collect the account.

28      17.    The ACTION was time-barred.

18. The complaint in the ACTION stated that interest was accruing on damages from August 18, 2003, thereby implying that the date of last activity was in August 2003.

19. On December 11, 2007, Brandy, an employee and agent of Provanta, told Mario, an employee and agent of HARRIS & ZIDE that the account was past the statute of limitations.

20. On December 11, 2007, Mario and Brandy had a second conversation and Mario stated he called BOFA and then he falsely stated that the last payment on the account was on April 11, 2004.

21. Brandy told Mario that a last payment on that date was not possible and confirmed as such with the Plaintiff.

22. On December 27, 2007, Mario changed his story and stated in a conversation with Brandy that the last payment occurred on August 18, 2003, and the charge-off date was April 2004.

23. Defendants knew the ACTION was time-barred; nevertheless, on or about January 3, 2008, Defendants served the summons and complaint on Plaintiff.

24. Defendants continued to pursue the ACTION until on or about February 7, 2008, when they dismissed the case without prejudice.

25. As a result of the acts alleged above, Plaintiff suffered great stress, worry, and emotional distress. Further, Plaintiff was forced to incur legal expenses in defense of the ACTION.

## V.  FIRST CLAIM FOR RELIEF
### (Against Defendant HARRIS & ZIDE and
### DOES 1 through 10 for Violation of the FDCPA)

26. Plaintiff repeats and realleges and incorporates by reference all of the foregoing paragraphs.

27. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against the Plaintiff:

(a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) Defendants violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in the Action;

(e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

28. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

### VI.  SECOND CLAIM FOR RELIEF
**(Against all Defendants for Violation of the Rosenthal Act)**

29. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

30. Defendants violated the Rosenthal Act, by including but not limited to, the following:

      (a)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

31. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

32. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

    C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

    D. For such other and further relief as the Court may deem just and proper.

Date: 5/24/08

Jeremy S. Golden
Attorney for Plaintiff